**Dennis L. CAMPBELL, Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 56070.

Missouri Court of Appeals,
Eastern District,
Division One.

Sept. 12, 1989.

Steven E. Jordon, Farmington, for appellant.

William L. Webster, Atty. Gen., John P. Pollard, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Movant appeals from the denial of his Rule 24.035 motion without an evidentiary hearing. We affirm.

Movant, following a plea agreement, pled guilty to the charges of burglary in the second degree and failure to return rental property. In exchange, the prosecutor dismissed one charge of defrauding a secured creditor and nine counts of misdemeanor bad check charges. In addition, he promised not to file an attempted stealing charge and not to make any recommendation regarding movant's sentence.

At movant's sentencing hearing the prosecutor recommended movant's sentences run consecutively. After a brief discussion he realized his mistake and withdrew the recommendation. The court later sentenced movant to seven years on the burglary charge and five years on the rental property return charge. The sentences were to run consecutively. The trial court explicitly stated the consecutive sentence was based on movant's record of prior felonies and a very unfavorable pre-sentence investigation report, not the prosecutor's withdrawn recommendation.

Movant's point on appeal is he was entitled to an evidentiary hearing because the trial court should have allowed him to withdraw his guilty plea following the prosecutor violating the plea agreement by making a recommendation at sentencing. To qualify for an evidentiary hearing, he must allege facts, not conclusions; raising matters not refuted by the record; and the matters complained of must have resulted in prejudice to the movant. *Swan v. State,* 757 S.W.2d 248, 249[1] (Mo.App.1988).

The transcript of movant's guilty plea sets forth the terms of the plea arrangement. The movant acknowledged that the court may impose any sentence within the lawful range permitted by law. The transcript of the sentencing hearing clearly shows the prosecutor's recommendation was withdrawn. The trial court stated why it sentenced movant to consecutive terms and that it did not rely on the errant recommendation. Movant failed to plead any facts not refuted by the record. The evidentiary hearing was properly denied. *Id.*

Judgment affirmed.

GARY M. GAERTNER, P.J., and REINHARD, J., concur.